UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KUMALO THORPE,

                                 Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOSHUA BAEZ, shield # 5276, POLICE OFFICER
STEVE RICHARDS, shield # 2946, POLICE OFFICER
HECTOR TORRES, shield # 1787, SERGEANT JOSEPH
DURANTE, shield # 521,

                                Defendants.

**FIRST AMENDED COMPLAINT**

09 CV 2029 (RJD) (RER)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

      1.     This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and several New York City Police Officers.  Plaintiff alleges that, on February 7, 2008, several NYPD officers arrested him without cause, used excessive force on him and presented false evidence against him in violation of the Fourth and Sixth Amendments to the United States Constitution.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

      3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.  A notice of

claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Nassau.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officers Joshua Baez, Steve Richards, Hector Torres, and Joseph Durante were members of the New York City Police Department ("NYPD") on February 7, 2008. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

8. In the evening of February 7, 2008, in Brooklyn, New York, plaintiff was driving in a car with two friends, Brandon Glaude and Stanley Jabrouin.

9. Jabrouin was driving the car, Glaude was sitting in the front passenger seat, and plaintiff was sitting in the back seat.

10. At all relevant times, plaintiff, Glaude and Jabrouin were obeying the law.

11. At approximately 11:30 p.m., when plaintiff, Glaude and Jabrouin were in the vicinity of East 16th Street and Foster Avenue, Officers Joshua Baez, Steve Richards, Hector

Torres, and Joseph Durante (collectively, the "officers") unlawfully stopped the car in which plaintiff and his two friends were riding.

12. The officers approached the car with guns drawn and ordered plaintiff and his two friends to put their hands in the air.

13. Glaude asked the officers "what their probable cause was" for stopping the car.

14. The officers, partly in response to Glaude's exercise of free speech, used excessive force on plaintiff and his two friends.

15. The officers, acting in concert, pulled plaintiff out of the car, threw plaintiff to the ground causing plaintiff to fall on his chest and knees, and handcuffed plaintiff excessively tight cutting off his circulation.

16. After plaintiff was handcuffed and as he was lying on the ground, one of the officers stomped repeatedly on plaintiff's back causing him pain and injury.

17. The other officers watched this officer unlawfully stomp on plaintiff's back but they did nothing to stop it.

18. The officer who stomped on plaintiff's back violently lifted the handcuffed plaintiff off the ground by one arm and threw plaintiff into the back set of a police car.

19. The officer who stomped on plaintiff's back and one other officer took plaintiff to the 70th Precinct.

20. At the 70th Precinct, plaintiff was searched.

21. No illegal contraband was found on plaintiff.

22. Plaintiff was placed in a cell inside the precinct.

23. While plaintiff was in the precinct, the officers conspired to fabricate a story that plaintiff and his two friends had committed a crime.

24. Officer Baez, acting in furtherance of the conspiracy, prepared police reports which falsely accused plaintiff of possession of marijuana, obstructing governmental administration and resisting arrest.

25. On February 8, 2008, plaintiff was taken to Brooklyn Central Booking.

26. Plaintiff was incarcerated under unconstitutional conditions in Brooklyn Central Booking.

27. The cells in which plaintiff was incarcerated were severely overcrowded, filled with garbage and human excrement, infested with roaches and rodents, and lacking adequate toilet facilities.

28. While plaintiff was confined in Brooklyn Central Booking, Officer Baez, acting in furtherance of the conspiracy with the other arresting officers, misrepresented to the District Attorney's Office that plaintiff was found in possession of marijuana, obstructed governmental administration and resisted arrest.

29. On February 9, 2008, in the afternoon, plaintiff was arraigned in criminal court on the false charges and was released on his own recognizance.

30. After plaintiff was released from custody, he went to Franklin Hospital in Nassau County for medical treatment.

31. Plaintiff went to court numerous times after his arraignment.

32. In April 2009, the criminal charges were adjourned in contemplation of dismissal.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered physical injuries, pain, a loss of liberty, emotional distress, mental anguish, fear, anxiety, and humiliation.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICERS JOSHUA BAEZ, STEVE RICHARDS, HECTOR TORRES, AND JOSEPH DURANTE

34. Plaintiff repeats the foregoing allegations.

35. The conduct of Police Officers Joshua Baez, Steve Richards, Hector Torres, and Joseph Durante, as described herein, amounted to false arrest, excessive force and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

36. Plaintiff repeats the foregoing allegations.

37. The City of New York directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times, was aware that Police Officers Joshua Baez, Steve Richards, Hector Torres, and Joseph Durante are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

39. Officer Richards was sued for civil rights violations, including false arrest and excessive force, in two prior cases in the Eastern District of New York: *Katanga Powell v. City of New York, et al*, 06 CV 1166 and *Jason Waters v. City of New York, et al.*, 08 CV 3927.

40. Officer Torres was sued for civil rights violations, including false arrest and excessive force, in *Katanga Powell v. City of New York, et al*, 06 CV 1166.

41. The City of New York settled the aforesaid lawsuits, the *Powell* matter for a substantial sum.

42. Despite the City's knowledge of the officers' prior conduct and propensities, the City exercised deliberate indifference by failing to take remedial action.

43. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

44. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

45. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.

> **PLAINTIFF'S STATE LAW CLAIMS AGAINST POLICE OFFICERS JOSHUA BAEZ, STEVE RICHARDS, HECTOR TORRES, AND JOSEPH DURANTE,**

46. Plaintiff repeats the foregoing allegations.

47. The conduct of Police Officers Joshua Baez, Steve Richards, Hector Torres, and Joseph Durante, as described herein, amounted to false arrest, assault and battery in violation of New York state law.

> **PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

48. Plaintiff repeats the foregoing allegations.

49. Because Police Officers Joshua Baez, Steve Richards, Hector Torres, and Joseph Durante were acting within the scope of their employment as members of the NYPD

6

during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as this Court may deem just and proper.

DATED:    November 13, 2009
              Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391